S. GROVER BURNETT, Appellant, v. JOHN H.
FREEMAN et ux., Respondents.

Kansas City Court of Appeals, January 11, 1909.

WITNESSES: Expert: Fees: Contract: Compensation. While a
physician may charge a litigant a fee for examinations and
investigations preparatory to testifying, yet he cannot have
extra compensation for attending as a witness; and a contract
shown in evidence is held to be a mere contingent agreement
for such extra compensation.

Appeal from Jackson Circuit Court.—*Hon. Henry L.
McCune*, Judge.

AFFIRMED.

*L. A. Laughlin*, for appellant, filed argument.

*W. W. Calvin* for respondents.

The rule that a party cannot plead one cause of
action and recover upon another, applies to the justice
of the peace courts the same as to courts of record.
Edmonds v. Albrecht, 42 Mo. App. 479; Penninger v.
Reilley, 44 Mo. App. 255.

JOHNSON, J.—This suit was brought in a jus-
tice court by a practicing physician, on the following
statement:

"Kansas City, Mo., Feb. 28th, 1903.
"Statement of Mr. John H. Freeman, in account with
Dr. S. Grover Burnett, 425 Rialto building.
For Professional services, $121.00, viz.:
August 12th, Consultation with Dr. Park Mc-
Donald, in wife's case ............... $12 00
1901.
Jan. 18th.  To office consultation ........... 2 00

| | | |
|---|---|---|
| Feb. 11th. | To office consultation with Dr. Park McDonald present ........ | 3 00 |
| Feb. 25th. | To office consultation and treatment .......................... | 2 00 |
| Apr. 29th. | To office consultation and treatment .. ..................... | 2 00 |
| May 2nd. | Day in court, wife's case ...... | 50 00 |
| May 16th. | Two half days in court, J. H. Freeman's case .............. | 50 00 |
| | | $121 00 |
| | Nov. 28th, 1900. By cash .............. | 6 00 |
| | Balance . . ...........................$115 00" | |

Plaintiff recovered judgment in the circuit court where the cause was taken by appeal and defendants appealed to this court. We reversed the judgment and remanded the cause. [125 Mo. App. 683.] Before the second trial, defendants filed an offer of judgment wherein they agreed that judgment might go against them for $15, the balance due on all the items of the account except the last two which are for $50 each and represent charges made by plaintiff for his services as an expert witness in suits prosecuted by defendants against the Metropolitan Street Railway Company, on account of an injury to Mrs. Freeman. The cause was tried without a jury and judgment was entered for plaintiff for $15. The court disallowed the last two items of the account and, dissatisfied with this ruling, plaintiff appealed.

On the first appeal we held, speaking through Judge Ellison, "that a witness called to testify as an expert, whether as a physician or in any other branch of knowledge, may be compelled to state his opinion upon hypothetical or other questions involving his professional knowledge, without compensation other than the witness fee taxed to the ordinary witness." And,

further, we held that public policy forbade him from increasing his fees for such services by contract with the party who called him. But we said that a professional man summoned to testify as an expert cannot be required to specially prepare himself for that particular case and may make such preparatory service the subject of a valid contract for compensation.

At the last trial, plaintiff endeavored to bring his cause of action within the scope of the rule just stated and was permitted to testify concerning the contract he had with defendants, but the court finally held that he could not recover for his preparatory services for the reason that compensation for them was not claimed in the statement filed with the justice and, therefore, was beyond the scope of the cause of action pleaded. Plaintiff then offered to amend his statement, but the offer was refused on the ground "that the amendment acted as a total change of the cause of action." We do not find it necessary to decide the question of whether the amendment should have been allowed, had it been sustained by proof. There is no evidence in the record of the existence of a contract by which defendants agreed to pay plaintiff anything for his service in making examinations of Mrs. Freeman and in holding consultations with her and her husband for the purpose of better qualifying himself to testify. Relative to his contract for service, plaintiff testified:

"Well, if I am allowed to express it as it occurred —as I said, I saw I was getting into something that I had not anticipated, where I would have to give extra services, and I made the statement that if I had to go to court on this matter that I would charge him twenty-five dollars if I were put on the stand and not kept over an hour. If I were detained longer than that I would charge fifty dollars for my services."

This was nothing but an agreement for extra compensation for the service of attending court as a witness and, as such, was void under the principles and

rules applied in our former opinion. It was permissible for plaintiff to contract with his patient that he should be paid for his services in making examinations of her injuries and in holding professional consultations with her and her husband, but it was not permissible for them to make the payment of such charges, or their amount, dependent on the contingency of plaintiff being required to testify in the lawsuits. Plaintiff's duty as a citizen compelled him to appear as a witness and give testimony without other pay than fees allowed by law and he should not be permitted to evade that duty by the palpable excuse of a contract for a contingent fee.

The judgment is affirmed. All concur.